685 A.2d 1308

RAVICH, KOSTER, TOBIN, OLECKNA, REITMAN & GREEN-
STEIN, P.C., PLAINTIFF–RESPONDENT, v. ELLIOT H.
GOURVITZ, DEFENDANT–APPELLANT.

Argued November 4, 1996—Decided December 16, 1996.

*Elliot H. Gourvitz* argued the cause pro se.

*Michael N. Tobin* argued the cause for respondent (*Ravich,
Koster, Tobin, Oleckna, Reitman & Greenstein*, attorneys; *Bruce
W. Radowitz*, on the brief).

PER CURIAM.

We affirm the judgment in favor of respondent substantially for
the reasons set forth in the Appellate Division opinion. 287
*N.J.Super.* 533, 671 *A.*2d 613 (1996). That court's holding has
limited application because, as it noted, *id.* at 538, 671 *A.*2d 613,
the recent amendment to *Rule* 1:39–6(d) expressly prohibits the
payment of referral fees in matrimonial matters.

Our disposition is also influenced by representations made to
the Court during oral argument. Appellant, appearing *pro se,*
informed the Court that he wished to pay the referral fee provided
that the payment did not constitute the unauthorized splitting of
fees. Respondent's counsel informed the Court that his client was
pursuing the litigation as a matter of principle and, if successful,
would remit any payment to the client.

One of the detrimental effects of fee splitting that concerned the
dissenting member of the Appellate Division was the potential that
fees to clients would be increased to cover the cost of the referral
fee. *Id.* at 543, 671 *A.*2d 613 (Michels, J., dissenting). Based on
the representation of respondent's counsel, that concern has been

substantially obviated in this case because the balance of the referral fee will be remitted to the client.

Judgment affirmed.

*For affirmance*—Chief Justice PORITZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.